UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tyran Mollett, <br><br> Petitioner <br><br> v. <br><br> Williams, <br><br> Respondents | Case No.: 2:24-cv-01973-APG-BNW <br><br> **Order to Show Cause Why the Petition Should Not be Dismissed with Prejudice as Untimely and Unexhausted** <br><br> [ECF Nos. 1, 1-1, 1-2] |

Petitioner Tyran Mollett, a Nevada state prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus (ECF No. 1-2) under 28 U.S.C. § 2254 and an application to proceed *in forma pauperis* (ECF Nos. 1, 1-1).[1] I grant Mollett's application for leave to proceed *in forma pauperis*. ECF No. 1. I now conduct an initial review under the Rules Governing Section 2254 Cases.[2] Habeas Rule 4 requires the assigned judge to examine the petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). For the reasons discussed below, I order Mollett to show cause why this petition should not be dismissed with prejudice as untimely and for failure to exhaust his claims in state court.

I. **Background**

Mollett challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Mollett*, Case No. C-19-340899-2.[3] On December

---

[1] Mollett has also filed a motion for appointment of counsel, which I defer consideration of until he has responded to this order to show cause.

[2] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[3] I take judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at:

21, 2021, the state court entered a judgment of conviction for murder with use of a deadly weapon, victim 60 years of age or older; conspiracy to commit burglary; burglary while in possession of a firearm; attempt murder with use of a deadly weapon, victim 60 years of age or older; and discharging a firearm at or into occupied structure, vehicle, aircraft, or watercraft. On December 12, 2022, the Nevada Court of Appeals affirmed the judgment of conviction.

It does not appear that Mollett filed a state habeas petition. On October 22, 2024, he initiated this federal habeas corpus proceeding *pro se*. ECF No. 1-2.

## II. Discussion

### a. Timeliness

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitation period for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. That one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *Id.* § 2244(d)(1)(A). For a Nevada prisoner who pursues a direct appeal, his conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court enters judgment or the Supreme Court of Nevada denies discretionary review. *See Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13. The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

---

https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

Here, Mollett's conviction became final on March 12, 2023, after the Nevada Court of Appeals decided his direct appeal and the time expired for filing a petition for writ of certiorari with the Supreme Court of the United States. The federal statute of limitations began running the following day. Accordingly, absent another basis for tolling or delayed accrual, the limitations period expired 365 days later, on March 12, 2024, so Mollett's petition, filed more than seven months later, is untimely on its face. Mollett must therefore show cause why his petition should not be dismissed with prejudice as time-barred under § 2244(d).

The one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). "[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. Mollett accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

In addition, if Mollett seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, i.e., tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). In

this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 624, 623 (1998).

### b. Exhaustion

AEDPA requires petitioners to exhaust state court remedies before presenting claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *Id*. (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)). And the petitioner must do so in accordance with established state procedures. *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Here, Mollett's ineffective assistance of counsel claims are unexhausted in state court and subject to dismissal without prejudice. Mollett did not file a state habeas petition. Accordingly, Mollett must show cause, in writing, **by December 23, 2024**, why this action should not be dismissed because of his failure to exhaust his claims in Nevada courts.

### III. Conclusion

I THEREFORE ORDER:

1. Petitioner Tyran Mollett's Application for Leave to Proceed *in forma pauperis* (ECF Nos. 1, 1-1) is GRANTED.

2. The Clerk of the Court will file the petition for writ of habeas corpus (ECF No. 1-2). The

4

Clerk of the Court will not serve the respondents with the habeas corpus petition at this time.

3. By **December 23, 2024**, Mollett must file a "Response to Order to Show Cause" explaining why this action should not be dismissed with prejudice as time-barred and based on his failure to exhaust his claims in the Nevada courts. Mollett's response must be factually detailed and, where possible, supported by exhibits.

4. If Mollett fails to timely and fully comply with this order, I will dismiss this action without prejudice and without further advance notice.

DATED this 19th day of November, 2024.

 ANDREW P. GORDON
 CHIEF UNITED STATES DISTRICT JUDGE