UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tyran Mollett, | Case No. 2:24-cv-01973-APG-BNW |
| Petitioner, | **Order Dismissing Petition** |
| v. | [ECF No. 4] |
| Williams, *et. al.*, | |
| Respondents. | |

Petitioner Tyran Mollett, a Nevada state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus (ECF No. 4) under 28 U.S.C. § 2254. On initial review under the Rules Governing Section 2254 Cases, I instructed Mollett to show cause why this petition should not be dismissed with prejudice as untimely and for failure to exhaust his claims in state court. ECF No. 3. Mollett did not file a response to the order to show cause and the time to do so has expired. I therefore dismiss his petition without prejudice based on Mollett's failure to comply with my previous order.

**Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, I must consider: (1)

the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

In Mollett's case, the first two factors—the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket—weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires consideration whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Here, the litigation cannot progress without Mollett's

compliance with court orders. However, the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances do not indicate this case will be an exception and instead suggest that setting another deadline to comply with my order to show cause is not a meaningful alternative. Thus, the fifth factor favors dismissal.

I THEREFORE ORDER:

1. Petitioner Tyran Mollett's petition for writ of habeas corpus (ECF No. 4) is dismissed without prejudice based on his failure to comply with my previous order.

2. A certificate of appealability is denied as jurists of reason would not find the dismissal of the petition debatable or wrong.

3. Under Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from respondents other than to respond to any orders of a reviewing court.

4. The Clerk of Court is instructed to enter final judgment accordingly and close this case.

DATED this 13th day of January, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE